THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     vs.<br><br>JESUS K. PAULINO, JR.,<br><br>     Defendant. | CRIMINAL CASE NO. 25-00001<br><br>**ORDER**<br>Denying Motion for Release on<br>from Custody (ECF No. 129) |

Pending before the court is the Defendant's Motion for Release from Custody (the "Motion for Release"), to which the United States objects. *See* Mot. Release, ECF No. 129, and USA's Opp'n, ECF No. 131. The Defendant also filed a Reply to the United States' Opposition. *See* ECF No. 136. Oral argument will not aid the court in resolving the matter. Accordingly, based on the parties' filings and relevant authority, the court issues this Order denying the Motion for Release.

**BACKGROUND**

**1.    Complaint and Detention**

On February 28, 2025, a Complaint was filed charging the Defendant with Attempted Possession with Intent to Distribute Fifty or More Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2. *See* Compl., ECF No. 1.

He appeared in court later that day and was ordered to be detained. *See* Mins., ECF No. 4. Although the Defendant had presented evidence to rebut the presumption requiring his detention, based on the amount of drugs (about 32 pounds) involved and his lack of a stable residence, the court ordered that he remain in custody until his sister consented to the Defendant staying at her residence and the home could be assessed to ensure it was compatible with the location monitoring ("LM") equipment. *Id.* and Order of Detention, ECF No. 7.

**2.      Indictment and Release**

On March 12, 2025, an Indictment was filed charging him with Attempted Possession with Intent to Distribute Fifty or More Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2. *See* Indictment, ECF No. 8.

On March 20, 2025, he appeared in court for an arraignment. *See* Mins., ECF No. 13. Trial was set May 28, 2025, and the Defendant was ordered to be released to reside in a residence being rented by his sister. *See* Order Setting Conditions of Release, ECF No. 15. Among various conditions of release imposed, the Defendant was placed on home detention with location monitoring and ordered not to use or unlawfully possess a narcotic drug or other controlled substance and to submit to drug testing. *Id.* at ¶ 7(m)-(n) and (q)-®.

**3.      Pretrial Violations**

On April 8, 2025, the probation officer filed a violation petition, *see* ECF No. 16, alleging that  a sweat patch was applied on and worn by the Defendant from March 25-27, 2025. When the sweat patch was removed, the Defendant told the probation officer that he had a prescription for and had been taking Klonopine and Oxycodone. When the lab results were received, it was positive for benzodiazepines and Oxycodone, which is consistent with his prescriptions. However, the sweat patch was also positive for cocaine.

On April 8, 2025, the probation officer met with the Defendant, and he provided her with his medication bottles. The probation officer noticed that the Oxycodone prescription was filled on March 25, 2025, with 90 pills dispensed and instructions that he take one tablet every 8 hours. At this rate, the Defendant's Oxycodone pills should have lasted about one month, but the bottle was already empty. The probation officer suspected that the Defendant may be abusing his prescription.

On April 11, 2025, the Defendant appeared as summoned, and the Defendant entered admissions to all the allegations in the violation petition.

On April 25, 2025, the probation officer filed a Supplemental Declaration alleging the Defendant tested positive for cocaine and Oxycodone on a sweat patch worn April 8-10, 2025. *See* ECF No. 25.

On May 13, 2025, the court took no further action against the Defendant for the violations

because subsequent urinalyses and sweat patches returned negative, and the Defendant had begun treatment sessions at New Beginnings. *See* Mins., ECF No. 37.

**4.      Guilty Verdict and Detention**

On December 10, 2025, the jury returned a guilty verdict against the Defendant. *See* ECF No. 104. The court set the matter for sentencing on March 11, 2026,[1] and allowed the Defendant to remain released. *See* Mins., ECF No. 103.

On December 15, 2025, the United States filed a Motion for Detention, arguing that Defendant's detention pending sentencing was required under Section 3143(a)(2). *See* ECF No. 106. On January 6, 2026, the court granted the government's motion and ordered the Defendant to be detained pending sentencing. *See* Mins., ECF No. 121.

Thereafter, the Defendant filed the instant motion. *See* ECF No. 129.

## LEGAL STANDARDS

Because the Defendant is awaiting sentencing, the relevant statute governing release is 18 U.S.C. § 3143(a)(2).[2] Under said statute, a person convicted of a drug offense for which the maximum term of imprisonment is ten years or more shall not be released pending imposition or execution of sentence unless the judge finds by clear and convincing evidence that the person is not likely to flee or to pose a danger to any other person or the community, and (I) there is a substantial

---

[1] The sentencing hearing was later rescheduled to March 26, 2029. *See* Order, ECF No. 128.

[2] Pursuant to this statute,

[t]he judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –

   (A)(i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or*
   (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

likelihood that a motion for acquittal or new trial will be granted or (ii) an attorney for the government has recommended that no sentence of imprisonment be imposed upon the person. 18 U.S.C. § 3143(a)(2).

### DISCUSSION

The Defendant's requests that he be released pending sentencing. The Defendant notes that he is proceeding *pro se*, having knowingly waived the right to be represented by counsel, and he asserts that he has no access to a law library and other resources that would permit him to prepare for sentencing and research legal issues related to his post-trial motions. Mot. Release at 1-2, ECF No. 129. He argues that his "detention conditions extremely hinder his right to Due Process." *Id.* at 5-6.

Applying Section 3143(a)(2), the court must determine whether "there is a substantial likelihood that a motion for acquittal or new trial will be granted" 18 U.S.C. § 3143(a)(2)(A)(I). The record reflects that on December 29, 2025, the Defendant filed a Post-Verdict Motion for Judgment of Acquittal and a Motion for New Trial. *See* ECF Nos. 115 and 117. The mere filing of these motions, however, does not mean there is a substantial likelihood that the motions will be granted. While the below-signed judge did not preside over the trial, based on the jury's guilty verdict and a review of the post-trial motions and related filings, the court is not convinced that there is a substantial likelihood that the Post-Verdict Motion for Judgment of Acquittal or the Motion for New Trial will be granted.

The court must next examine whether an attorney for the government "has recommended that no sentence of imprisonment be imposed" on the Defendant. 18 U.S.C. § 3143(a)(2)(A)(ii). Here, the United States has affirmed that it "will not recommend a sentence of no imprisonment . . . at sentencing." USA's Opp'n at 3, ECF No. 131. Because neither of the conditions of Section 3143(a)(2)(A) have been satisfied, it is unnecessary for the court to address Section 3143(a)(2)(B). The court finds that the Defendant's detention is required pursuant to Section 3143(a)(2).

The Ninth Circuit has stated that release may also be authorized "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *See* 18 U.S.C.

§ 3145©.[3] In *United States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003), the Ninth Circuit provided guidance to district courts by setting forth a non-exhaustive list of factors that district courts should consider in determining whether there were exceptional circumstances that would warrant release from detention. The court stated that district courts "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors . . . it would be unreasonable to incarcerate the defendant prior to [appeal or sentencing]." *Id.* at 1019. These factors include but are not limited to (1) whether the defendant's criminal conduct was aberrational, (2) the nature of the violent act; (3) the length of the prison sentence – both the maximum and the sentence actually or likely to be imposed, (4) other circumstances, such as a sufficiently serious illness or injury, that would render hardships of prison unusually harsh for a particular defendant, (5) the nature of the defendant's arguments on appeal, (6) whether because of particular circumstances the defendant is *exceptionally* unlikely to flee or to constitute a danger to the community if he is permitted to remain on release, and (7) whether the defendant was unusually cooperative with the government. *Id.* at 1019-21. The Ninth Circuit further emphasized that

> the exception applies only where justified by exceptional circumstances. *Hardships that commonly result from imprisonment do not meet the standard*. The general rule must remain that conviction for a covered offense entails immediate incarceration. *Only in truly unusual circumstances* will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending [sentencing].

*Id.* at 1022 (emphasis added).

The court finds that the Defendant has not clearly shown that there are exceptional reasons why his detention would not be appropriate. The court has reviewed the Defendant's final presentence report. *See* ECF No. 146. The Defendant faces a mandatory minimum sentence of ten years' imprisonment and his guideline range is 235-293 months. While this is the Defendant's first drug conviction, the court cannot conclude that his criminal conduct was aberrational based on the

[3] In pertinent part, this statute provides: "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added).

positive sweat patches that were noted while the Defendant was on pretrial release, violations to which he admitted. Finally, the fact that the Defendant cannot access a law library is not an exceptional factor. Rather, it is a hardship that commonly results from imprisonment. Moreover, the court appointed Rawlen Mantanona as the Defendant's standby counsel, and Mr. Mantanona can assist the Defendant with any legal research that is required. Accordingly, the court denies the Defendant's Motion for Release.

**CONCLUSION**

Based on the above analysis, the court hereby denies the Defendant's request for release pending sentencing because he has failed to satisfy the requirements of Sections 3143(a)(2) and 3145(c).

IT IS SO ORDERED.



/s/ **Michael J. Bordallo**
 **U.S. Magistrate Judge**
**Dated: Mar 20, 2026**